UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN DAVID ENTO, | No. 2:13-cv-02248 AC P |
| Plaintiff, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff is a Sacramento county jail inmate, proceeding in forma pauperis. On December 30, 2013, plaintiff filed his first amended complaint pursuant to 42 U.S.C. § 1983. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

1   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

2   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

3   Cir. 1989); Franklin, 745 F.2d at 1227.

4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

7   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

8   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

9   this standard, the court must accept as true the allegations of the complaint in question, Hospital

10  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

11  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

12  McKeithen, 395 U.S. 411, 421 (1969).

13      Plaintiff's amended complaint is a hodge-podge of allegations spanning an unspecified

14  period of time.  The claims include allegations of malicious prosecution, ineffective assistance of

15  counsel, assault and battery, police brutality, verbal assault, unsanitary food, psychosomatic

16  torture, experimentation, grand sabotage, medical malpractice, kidnapping, psychosis, false

17  testimony, attempted murder, murder, conspiracy, due process, inhumane living conditions, civil

18  rights violation, racism on school grounds, conjuring, a military frame-up, and entrapment.  See

19  ECF No. 10 at 5-11.  Named as defendants are the County of Sacramento; the Sacramento County

20  Sheriff's Department, the California Department of Corrections and Rehabilitation, and the State

21  of California.  Id. at 4.  By way of relief, plaintiff seeks monetary compensation.

22      The court finds the allegations in plaintiff's amended complaint so vague and conclusory

23  that it is unable to determine whether the current action is frivolous or fails to state a claim for

24  relief.  The court has determined that the amended complaint does not contain a short and plain

25  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

26  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

27  succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

28  allege with at least some degree of particularity overt acts which defendants engaged in that

1  support plaintiff's claim. Id.  Because plaintiff has failed to comply with the requirements of Fed.

2  R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant

3  leave to file a second amended complaint.

4      Plaintiff is further advised that unrelated claims against different defendants must be

5  pursued in multiple lawsuits.

6  
> The controlling principle appears in Fed. R. Civ. P. 18(a):  'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).

13  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of

14  defendants not permitted unless both commonality and same transaction requirements are

15  satisfied).

16      In the amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

17  R. Civ. P. 10(b).  Plaintiff may only join multiple claims if they are all against a single defendant.

18  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

19  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

20      If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

21  the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

22  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended

23  complaint must allege in specific terms how each named defendant is involved.  There can be no

24  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

25  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

26  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

27  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

28  violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
2  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
3  complaint be complete in itself without reference to any prior pleading.  This is because, as a
4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original
6  pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as
7  in an original complaint, each claim and the involvement of each defendant must be sufficiently
8  alleged.

9  Finally, plaintiff is cautioned that if he submits a second amended complaint that simply
10  re-alleges the same claims alleged in his amended complaint, the court will dismiss the second
11  amended complaint for failing to state a cognizable civil rights claim.

12  In accordance with the above, IT IS HEREBY ORDERED that:

13  1. Plaintiff's first amended complaint is dismissed; and

14  2. Plaintiff is granted thirty days from the date of service of this order to file a second
15  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
16  of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the
17  docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff
18  must file an original and two copies of the second amended complaint; failure to file a second
19  amended complaint in accordance with this order will result in an order dismissing this action.
20  DATED: May 7, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE